UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASDAIR MURRAY MCAULAY, | Civil Action No. 17-3290 (JLL) |
| Petitioner, | |
| v. | OPINION |
| ERIC TAYLOR, | |
| Respondent. | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of *habeas corpus* of Petitioner, Alasdair Murray McAulay, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition, (ECF No. 4), to which Petitioner has replied. (ECF Nos. 7, 9). For the reasons set forth below, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner, Alasdair Murray McAulay, is a native of Cameroon and a citizen of the United Kingdom who entered this Country as a visitor in 1991 with permission to remain in the United States until February 3, 1992. (ECF No. 7-5). Petitioner, however, chose to remain in the United States long after his authorization to do so had expired. (*Id.*). Based on this overstay, the Government issued Petitioner a notice to appear and placed him into removal proceedings in October 2007. (*Id.*). Petitioner was thereafter taken into immigration custody until he was released on bond in April 2009. (ECF No. 4-1, at 2). Petitioner's removal proceedings apparently continued thereafter. (*Id.*).

1

On March 27, 2013, Petitioner was arrested on elder abuse charges in California. (*Id.* at 3). Based on that arrest, and Petitioner's ultimate conviction on those elder abuse charges in June 2014, immigration authorities revoked Petitioner's bond and ultimately took him back into custody upon his release from criminal detention in June 2016. (*Id.*). On September 15, 2016, Petitioner was ordered removed by an immigration judge. (*Id.* at 4). Petitioner waived his right to appeal his removal order at that same hearing. (*Id.*). Petitioner was thereafter transferred to the Hudson County Correctional Facility in Kearney, where he has remained while the Government has sought to remove him to the United Kingdom. (*Id.*).

Since September 2016, the Government has submitted several documents and forms of proof of Petitioner's identity to the United Kingdom's Consulate and passport office in aid of the Government's application for a travel document for Petitioner. (*Id.* at 4–6). Following an initial application, the UK's passport office requested a copy of Petitioner's birth certificate on February 22, 2017, which the Government agreed to provide. (*Id.* at 4). The passport office thereafter requested further documents from the Government in April and June 2017. (*Id.* at 5). On June 15, 2017, the Government located Petitioner's birth certificate, and submitted the birth certificate, as well as the other requested documents, to the UK passport office. (*Id.*). The passport office then informed the Government that the request for a travel document had been submitted, and that the Government would be informed once the UK had made a decision as to whether to issue a travel document for Petitioner. (*Id.*). The Government is apparently prepared to remove Petitioner as soon as a document is issued.

While this removal process has been ongoing, petitioner filed a motion to reopen his removal hearings in March 2017. That motion was denied by an immigration judge on April 19, 2017. (*Id.*). Petitioner filed an appeal of the denial of his motion to reopen with the Board of

Immigration Appeals on May 12, 2017. (*Id.*). Briefing of that appeal concluded in June 2017, and Petitioner's appeal apparently remains pending before the BIA at this time. Neither the BIA nor the immigration judge have ordered a stay of Petitioner's removal order at this time. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Petitioner contends that, because of the overlong nature of his immigration detention, he should be entitled either to a bond hearing or his outright release. In order to evaluate that claim, the Court must first determine the statutory basis for Petitioner's detention. While Petitioner was initially held, and released on bond, under 8 U.S.C. § 1226(a), and was eventually held once again under § 1226(c) following his criminal conviction, an immigration judge ordered Petitioner removed in September 2016, and Petitioner waived his right to appeal that removal to the BIA at

that time. Because a removal order becomes administratively final upon the "waiver of appeal" by the alien following the entry of a removal order by an immigration judge, *see* 8 C.F.R. § 1231.1(b); *see also Hlimi v. Holder*, Nos. 13-3210 (KM), 13-3691 (KM), 2013 WL 4500324, at *4 (D.N.J. Aug. 20, 2013), Petitioner was therefore subject to a final order of removal as of that date. Because that final removal order has not been vacated, reopened, or otherwise stayed, Petitioner remains subject to a final order of removal and his current detention is governed by 8 U.S.C. § 1231(a). *Hlimi*, 2013 WL 4500324 at *3–4.

Because Petitioner is subject to a final order of removal and is therefore detained under § 1231(a), the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas*. In *Zadvydas*, the Supreme Court observed that § 1231(a) commands the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 501 U.S. at 683. The Court also held that the statute does not limit post-removal order detention to this ninety day period; instead the Court found that the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these determinations and the Court's observations regarding the ordinary course of removal proceedings, the Court in turn determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore constitutionally permissible. *Id.* at 701.

That an alien's detention exceeds this presumptively reasonable six month period, however, does not automatically entitle an alien to relief from immigration detention. Under *Zadvydas*, once the six month period expires, an alien seeking relief must first present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where an alien meets this initial burden, the Government can establish its continued authority to detain only if the Government can rebut his evidence and show that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

In this matter, Petitioner has been detained pursuant to his final order of removal for just over a year. In that time, the Government has been in direct contact with the consulate of the United Kingdom and the UK's passport office, and has provided the passport office with various pieces of information and documents the office requested in support of the Government's application for a travel document. Specifically, the Government has provided the UK passport office with copies of Petitioner's birth certificate, previous UK passport, and the information the office requested regarding Petitioner's past addresses and schools. (ECF No. 4-1, at 4–6). The record before the Court thus suggests that Petitioner's removal awaits only the issuance of a travel document by the United Kingdom. Based on the Government's having provided the United Kingdom with the additional requested information, and the lack of any indication that a travel document is not forthcoming other than Petitioner's own belief to that effect, the Government has more than rebutted any presentation Petitioner has made suggesting that his removal is not likely in the reasonably foreseeable future. Because the issuance of a travel document, and Petitioner's removal in turn, are likely in the reasonably foreseeable future, Petitioner is not entitled to release at this time, and his *habeas* petition must be denied without prejudice. *Alexander*, 495 F. App'x at 276.

## III. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's *habeas* petition without prejudice. An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court